IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GEORGE HINOJOSA; NIDIA JACOME ANRIASSI; ELVIRA MARTINEZ; HECTOR GUERRA; EFRAIN LOPEZ; JESUS GARCIA; ADRIANA PARDO; ALEJANDRO BARRERA; ZAUL ZAMORA & MARICRUZ ZAMORA; HECTOR LEAL; VICTOR BOUCHOT; JERRY DELGADO & NORMA DELGADO; SYLVESTER GONZALEZ & ISABEL GONZALEZ; GLEN ANDREW JONES; VICTOR PATINO; FRANCISCA LOPEZ & RODRIGO LOPEZ<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED PROPERTY AND CASUALTY INSURANCE COMPANY<br><br>*Defendant.* | § § § § § § § § § § § § § § § § § § § § § § § | CASE NO. 1:23-cv-1 |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, hereinafter referred to as "UPC," files this Original Answer as follows:

### INITIAL DEFENSE

1. Plaintiffs' Original Petition (hereinafter Plaintiffs' "Complaint") fails to state a claim against UPC upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSES

Subject to and without waiving the foregoing, UPC answers the allegations contained within the enumerated sections of Plaintiffs' Complaint as follows:

2. Plaintiffs' assertion in paragraph 1.1 of their Complaint this case should be severed is admitted by UPC. The assertion that the Texas Rules apply is denied.

3. UPC admits the allegations in paragraph 1.2 regarding the amounts Plaintiffs seek in this lawsuit, although UPC denies that any plaintiff is entitled to recover any amount.

4. Plaintiffs' assertion in paragraph 2.1 of their Complaint that each plaintiff is a resident of Cameron County, Texas is admitted.

5. The allegations in paragraph 2.2 of Plaintiffs' Complaint regarding UPC conducting business in Texas and how to serve UPC are admitted.

6. The allegations in paragraphs 3.1 through 4.1 of Plaintiffs' Complaint regarding the jurisdiction and venue of Texas state courts are no longer applicable to this lawsuit and do not require a response from UPC.

7. The allegations in paragraph 5.1 of Plaintiffs' Complaint regarding each plaintiff purchasing an insurance policy from UPC are admitted.

8. The allegations in paragraph 5.2 of Plaintiffs' Complaint regarding each plaintiff having an insurable interest in their respective properties are admitted.

9. The allegations in paragraph 5.3 of Plaintiffs' Complaint regarding each plaintiff's respective property sustaining covered damage are denied. UPC admits that each Plaintiff reported a claim to UPC, but denies they have any relation to one another.

10. The allegations in paragraph 5.4 of Plaintiffs' Complaint regarding UPC assigning many different adjusters to assist in investigating the separate and unrelated insurance claims are admitted.

11. The allegations in paragraph 5.5 of Plaintiffs' Complaint regarding UPC's adjusters failing to adequately investigate, adjust, and handle the respective claims are denied.

UPC further denies that it made incorrect coverage determinations, failed to issue payments due under the policy, that each plaintiff complied with Section 542A.003 of the Texas Insurance Code prior to bringing this lawsuit, and that "this matter is now ripe for litigation."

12. The allegations in paragraph 5.6 of Plaintiffs' Complaint regarding each plaintiff separately requesting UPC pay for the cost of repairs to each separate property are denied.

13. The allegations in paragraph 5.7 of Plaintiffs' Complaint regarding UPC failing to pay each respective claim are denied. UPC further denies that it relied on incorrect information in reaching its claims decisions.

14. The allegations in paragraph 5.8 of Plaintiffs' Complaint regarding coverage for temporary repairs and alternative living expenses are denied. UPC further denies that it is liable for such damages in any capacity.

15. The allegations in paragraph 5.9 of Plaintiffs' Complaint regarding the suggested method of compensation for its adjusters is denied.

16. The allegations in paragraph 5.10 of Plaintiffs' Complaint regarding its adjusters negligently, recklessly, intentionally, knowingly, fraudulently, or with malice violating some unknown term of UPC's undescribed claims handling practices are denied. UPC further denies that it or its adjusters failed to properly investigate and evaluate Plaintiffs' respective claims. Lastly, UPC denies that it has a policy designed to defraud policyholders.

17. The allegations in paragraphs 5.11(a) through 5.11(g) of Plaintiffs' Complaint are denied.

18. The allegations in paragraphs 5.12 through 5.22 of Plaintiffs' Complaint are denied.

19. The allegations in paragraphs 6.1 through 6.9 of Plaintiffs' Complaint regarding

Plaintiffs' separate claims for alleged violations of the Texas Insurance Code contain legal conclusions that do not require a response from UPC. However, to the extent a response is required, the allegations are denied.

20. The allegations in paragraphs 7.1 through 7.6 of Plaintiffs' Complaint regarding Plaintiffs' separate claims for fraud contain legal conclusions that do not require a response from UPC. However, to the extent a response is required, the allegations are denied.

21. The allegations in paragraphs 8.1 through 8.2 of Plaintiffs' Complaint regarding Plaintiffs' separate claims for conspiracy contain legal conclusions that do not require a response from UPC. However, to the extent a response is required, the allegations are denied.

22. The allegations in paragraphs 9.1 through 9.5 of Plaintiffs' Complaint regarding Plaintiffs' separate claims for breach of contract and breach of the duty of good faith and fair dealing contain legal conclusions that do not require a response from UPC. However, to the extent a response is required, the allegations are denied.

23. The allegations in paragraphs 10.1 through 10.2 of Plaintiffs' Complaint regarding Plaintiffs' separate claims agency and ratification contain legal conclusions that do not require a response from UPC. However, to the extent a response is required, the allegations are denied.

24. The allegations in paragraph 11.1 of Plaintiffs' Complaint regarding Plaintiffs' separate claims that certain unnamed acts were committed knowingly and intentionally contain legal conclusions that do not require a response from UPC. However, to the extent a response is required, the allegations are denied.

25. UPC denies all of the allegations, and that Plaintiffs are entitled to any of the relief sought, in paragraphs 12.1 through 12.8 of Plaintiffs' Complaint.

26. The allegations in paragraph 13.1 of Plaintiffs' Complaint do not require a response of UPC, but to the extent such a response is required, the allegations are denied.

27. The allegations in paragraph 14.1 of Plaintiffs' Complaint regarding all conditions precedent to recovery having been performed or occurred are denied.

28. The allegations in Paragraph 15.1 of Plaintiffs' Complaint constitute a jury demand that does not require an admission or denial from UPC.

29. The allegations in paragraph 16.1 of Plaintiffs' Complaint regarding discovery under the Texas Rules of Civil Procedure no longer require a response from UPC.

30. UPC denies Plaintiffs' prayer for relief contained in paragraph 17.1, and that Plaintiffs are entitled to any of the relief sought, under the heading "XVII. Prayer" in Plaintiffs' Complaint.

31. UPC denies each and every allegation of Plaintiffs' Complaint not specifically admitted herein.

## ADDITIONAL DEFENSES

AND NOW, further responding herein, UPC asserts the following additional and affirmative defenses:

32. UPC denies that all Plaintiffs have given timely written notice in compliance with Chapter 542A of the Texas Insurance Code. Specifically, Tex. Ins. Code § 542A.003(a) states that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action." Plaintiffs Jerry Delgado, Zaul Zamora, Victor Vouchot, Hector Leal, and Nidia Jacome Anriassi each separately filed this lawsuit before 60 days had elapsed from the time they sent UPC their

respective demand letters invoking Chapter 542A.

33. Pleading further and in the alternative, UPC would show that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of Plaintiffs.

34. Pleading further and in the alternative, UPC would show that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom UPC has no right of control nor for whom UPC is legally responsible. Accordingly, UPC is entitled to a jury instruction on sole proximate cause and new and independent or superseding cause.

35. Pleading further and in the alternative, UPC would show that, in the event it is found liable to Plaintiffs, any such liability being expressly denied, then, in that event, UPC is entitled to a reduction for the negligence, liability, fault, or other conduct which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation.

36. Pleading further and in the alternative, UPC says that it is entitled to a credit or offset for all monies or consideration paid to Plaintiffs by virtue of any type or form of settlement agreement or previous payments as maintenance and/or cure by and between Plaintiffs and UPC herein or any other person or entity not a party to this litigation. Further, UPC would assert the affirmative defenses of accord and satisfaction, release, payment, credit, offset, res judicata, collateral estoppel, waiver, excessive demand, and laches.

37. Pleading further and in the alternative, UPC would show that, in the event it is found liable to Plaintiffs, any such liability being expressly denied, UPC is entitled to contribution, credit, and/or indemnity.

38.     UPC would further show that, to the extent applicable, it has fully complied with all provisions, terms, and conditions set forth in the policy of insurance made the basis of this action.

39.     UPC would further show that Plaintiffs have failed to meet the conditions of the policy made the basis of this action.

40.     UPC would further show that each policy made the basis of this action contains terms and conditions expressly excluding the coverage sought by Plaintiffs. Since each of the 15 policies at issue contain different coverages and exclusions, UPC intends to outline this defense further once the court rules on whether the claims should be severed into separate lawsuits. Nevertheless, UPC refers to those policy provisions which state that the policy does not insure for loss caused by certain listed perils, such as faulty, inadequate, or defective design, specifications, workmanship, repair, construction, renovation, or remodeling; faulty, inadequate, or defective materials used in repair, construction, renovation, or remodeling; and/or faulty, inadequate, or defective maintenance. Further, UPC asserts that all or part of Plaintiffs' claims are precluded because all or part of the claimed damages were caused by an excluded peril, including wear and tear, marring, deterioration, latent defect, and/or other corrosion. In addition, UPC asserts that all or part of Plaintiffs' claims are precluded because all or part of the damage complained of by Plaintiffs occurred before the subject policy period.

41.     Pleading further and in the alternative, UPC would show that Plaintiffs' claims are barred, in whole or in part, under the "Fortuity Doctrine" because Plaintiffs' claims are based upon, arise out of, or are attributable to losses or damages that were known to Plaintiffs prior to inception of the UPC policy at issue in this action.

42.     Pleading further and in the alternative, UPC would show that Plaintiffs have

7

failed to mitigate their damages.

43. Further answering and without waiving the foregoing, UPC would show that certain acts or omissions of Plaintiffs were relied upon by UPC. Therefore, UPC asserts the affirmative defense of estoppel.

44. Further answering and without waiving the foregoing, UPC would show that the imposition of punitive, treble, or exemplary damages upon UPC for the allegations made by Plaintiffs violates the contract clause of Article I, Section 20, Clause I of the Constitution of the United States of America, the equal protection clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the due process Clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the excessive fines clause contained in the Eighth Amendment of the Constitution of the United States of America, the illegal seizures clause contained in the Fourth Amendment of the Constitution of the United States of America, the deprivation of property without due process clause contained in the Fifth Amendment of the Constitution of the United States of America, the excessive fines clause contained in Article I, Section 13 of the Constitution of the State of Texas, and the contract clause in Article I, Section 16 of the Constitution of the State of Texas.

45. Further answering and without waiving the foregoing, UPC would show that the insurance policy made the basis of this lawsuit was negotiated between parties of equal bargaining power and that no "special relationship" existed so that no duty of good faith and fair dealing could arise from the contract made the basis of this lawsuit.

46. Pleading further and in the alternative, UPC would show that, to the extent applicable, any alleged representations UPC made amounted to mere opinion, judgment, probability, or expectation and thus are not actionable.

47. For any claims for punitive damages and/or pre-judgment interest, UPC invokes the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practice and Remedies Code. Pursuant to Section 41.008 of the Texas Civil Practice and Remedies Code, such limitations may not be known to the jury.

## JURY DEMAND

48. UPC hereby demands a jury trial on all contested issues of fact.

## PRAYER

WHEREFORE, UPC prays that Plaintiffs' lawsuit against it be dismissed at Plaintiffs' costs, that UPC recover its costs and attorneys' fees, and that the Court grant all other and further relief, both special and general, at law and in equity, to which UPC may show itself justly entitled.

Respectfully submitted,

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

*/s/William D. Abbott*
William D. Abbott
"Attorney-in-Charge"
State Bar No. 24087069
wabbott@gallowaylawfirm.com
Les Pickett
State Bar No. 15980520
lpickett@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas   77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via Electronic Court Filing on this 9th day of January 2023.

                                              */s/ William D. Abbott*
                                              Les Pickett
                                              William D. Abbott